**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| NATIONAL UNION FIRE INS. CO. OF PITTSBURGH, PA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>TOWN OF NORWOOD, NORWOOD MEMORIAL AIRPORT, NORWOOD AIRPORT COMMISSION, FRANCIS T. MAGUIRE, MARK P. RYAN, KEVIN J. SHAUGHNESSY, MARTIN E. ODSTRCHEL, MICHAEL SHEEHAN, LESLIE W. LIEBLANC, THOMAS J. WYNNE, and BOSTON EXECUTIVE HELICOPTERS, LLC,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)　Case No.: _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff National Union Fire Ins. Co. of Pittsburgh, PA ("National Union"), by and through its attorneys, as and for its Complaint for Declaratory Relief against Defendants Town of Norwood (the "Town"), Norwood Memorial Airport (the "Airport"), Norwood Airport Commission ("NAC"), and against Francis T. Maguire, Mark P. Ryan, Kevin J. Shaughnessy, Martin E. Odstrchel, Michael Sheehan, Leslie W. Lieblanc, Thomas J. Wynne (collectively, the "Individual Norwood Defendants", and, collectively with the Town, the Airport, and NAC, the "Norwood Defendants"), and against Boston Executive Helicopters, LLC ("BEH"), states as follows:

### NATURE & BACKGROUND OF THE ACTION

1.　　　This is an insurance coverage action. This Complaint for Declaratory Relief, filed pursuant to 28 U.S.C. § 2201, is brought to determine National Union's obligations to the

Norwood Defendants under two policies of insurance, Aviation Commercial General Liability Policy No. AP 004792749-21 and No. AP 004792749-22 (the "Policies") in connection with litigation commenced by BEH against the Norwood Defendants and currently pending in the United States District Court for the District of Massachusetts styled *Boston Executive Helicopters, LLC v. Maguire et al.* (Case No. 15-13647) (the "BEH Action").

2.      On December 1, 2015 the Norwood Defendants submitted the BEH Action to National Union for coverage under the Policies.

3.      National Union agreed to provide and is currently providing the Norwood Defendants a defense of the BEH Action subject to a reservation of its rights under the Policies, including but not limited to a reservation of its right to commence a declaratory judgment action to seek a declaration of its rights and obligations under the Policies.

4.      National Union seeks a judgment declaring, *inter alia*, that the Policies do not afford insurance coverage, either defense or indemnity, for the claims, causes of action and damages which are the subject of the BEH Action.

5.      BEH has an interest in this action to the extent this action seeks a judgment declaring that the Policies do not afford indemnity coverage with respect to any relief that may be granted to BEH in resolution of the BEH Action.

### THE PARTIES

6.      Plaintiff National Union is a Pennsylvania corporation with a principal place of business in New York, New York.

7.      On information and belief, the Town is a municipal corporation organized and existing under the laws of the Commonwealth of Massachusetts and located in Norwood, Massachusetts.

2

8. On information and belief, the Airport is a public airport located in Norwood, Massachusetts, and owned and operated by the Town of Norwood.

9. On information and belief, the NAC is an agency of the Town established as the operating authority of the Airport.

10. On information and belief, the Individual Norwood Defendants are residents of Massachusetts and either current or former members of the NAC appointed to serve on the NAC or employees of the NAC.

11. On information and belief, BEH is a Delaware limited liability company with its principal place of business located in Norwood, Massachusetts.

### JURISDICTION AND VENUE

12. There is a real, substantial, and justiciable issue in controversy between the parties hereto with respect to the existence of insurance coverage available to Defendants for the claims asserted by BEH.

13. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00, exclusive of costs.

14. Venue is proper under 28 U.S.C. § 1391(a)(2) in that a substantial part of the events or omissions giving rise to this claim occurred or is occurring within the U.S. District Court for the District of Massachusetts, Eastern Division.

15. A judicial determination and a declaration of the rights and obligations of the parties is necessary and appropriate at this time because National Union has no adequate remedy at law that will resolve the current controversy.

**THE POLICIES**

16.     National Union issued and Aviation Commercial General Liability Policy No. AP 004792749-21 to the Town effective for the period from July 1, 2014 to July 1, 2015 (the "2014-15 Policy").  National Union issued and Aviation Commercial General Liability Policy No. AP 004792749-22 to the Town effective for the period from July 1, 2015 to July 1, 2016, (the "2015-16 Policy").  Except for the applicable Policy Periods, the Policies are in all relevant respects identical and provide the same coverage.  True copies of the Policies are attached hereto as **Exhibit 1** and **Exhibit 2**.

17.     Pursuant to Endorsement No. 1, the "Named Insured Endorsement," the Airport, NAC, and the Town are "Named Insureds" under the Policies.

18.     Pursuant to Endorsement No. 15, the "Airport Expansion Endorsement," members of any board or commission or agency of the Named Insureds are Named Insureds under the Policies "while acting within the scope of their duties as respects your 'aviation operations.'"  On information and belief, the Individual Norwood Defendants are therefore considered Named Insureds to the extent they are alleged in the BEH Action to have been acting within the scope of their duties as members of the NAC.

19.     The Policies provide, in relevant part, the following coverage grant for "bodily injury" and "property damage" liability:

> COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY
>
> 1.     Insuring Agreement
>
> a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies resulting from your "aviation operations". We will have the right and duty to defend the insured against any "suit" seeking those

damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

*    *    *

b.    This insurance applies to "bodily injury" and "property damage" only if:

(1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2)    The "bodily injury" or "property damage" occurs during the policy period[.]

20.    The Policies contain the following definitions relevant to Coverage A in the instant action:

SECTION V – DEFINITIONS

*    *    *

17.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

*    *    *

20.    "Property damage" means:

a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

5

21.     The Policies contain the following relevant exclusion with respect to the coverage provided under Coverage A:

> 2.     Exclusions
>
> This insurance does not apply to:
>
> a.     Expected Or Intended Injury
>
> > "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

22.     The Policies provide, in relevant part, the following coverage grant for "personal and advertising injury" liability:

> COVERAGE B - PERSONAL AND ADVERTISING INJURY LIABILITY
>
> 1.     Insuring Agreement
>
> a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies resulting from your "aviation operations". We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result.
>
> > *     *     *
>
> b.     This insurance applies to "personal and advertising injury" caused by an offense arising out of your "aviation operations" but only if the offense was committed in the "coverage territory" during the policy period.

6

23.    The Policies contain the following definitions relevant to Coverage B in the

instant action:

SECTION V – DEFINITIONS

*    *    *

18.    "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

*    *    *

c.    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling, or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

d.    Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products, or services;

24.    Pursuant to Endorsement No. 15, the definition of "Personal and Advertising

Injury" is amended to include:

i.    Discrimination or humiliation suffered by an individual, based on, but not limited to, race, color, religion, national origin, age, sex, marital status, sexual orientation, harassment, handicap, pregnancy, chronic medical condition, or obesity.

25.    The Policies contain the following relevant exclusions with respect to the

coverage provided under Coverage B:

2.    Exclusions

This insurance does not apply to:

a.    Knowing Violation Of Rights Of Another

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that

7

the act would violate the rights of another and would inflict "personal and advertising injury".

\*      \*      \*

f.      Breach Of Contract

"Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".

26.      The Policies contain the following relevant conditions to coverage concerning notice of a claim:

SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS

4.      Duties in the event of occurrence, offense, claim, or suit

a.      You must see to it that we or the "Aviation Managers" are notified as soon as practicable of an "occurrence" or an offense which may result in a claim.

\*      \*      \*

b.      If a claim is made or "suit" is brought against any insured, you must:

(1)      Immediately record the specifics of the claim or "suit" and the date received; and

(2)      Notify us or the "Aviation Managers" as soon as practicable.

You must see to it that we or the "Aviation Managers" receive written notice of the claim or "suit" as soon as practicable.

**THE BEH ACTION**

27.      The BEH Action was commenced by BEH on or about October 7, 2015 in the Norfolk County Superior Court, State of Massachusetts, and was removed to the United States District Court for the District of Massachusetts on or about October 26, 2015.  BEH filed an

8

Amended Complaint on or about March 29, 2016.  Attached hereto as **Exhibit 3** is a copy of the Amended Complaint in the BEH Action.

28.     As originally filed, the BEH Action names as defendants the Norwood Defendants and non-parties Paul V. Shaughnessy and Hylie Hutchens.  Paul V. Shaughnessy and Hylie Hutchens are not named in the Amended Complaint, and are therefore not named as defendants in this insurance coverage action.

29.     BEH alleges that it is an FAA-certified air carrier offering on-demand helicopter charter services from its base at the Airport.

30.     The BEH Action seeks damages for alleged "multiple, deliberate deprivations of constitutionally and contractually protected rights and abuses of power" and alleges that the Norwood Defendants engaged in a discriminatory pattern of abuse and manipulation of local powers in an effort to harm BEH's current business and deprive BEH of a fair opportunity to compete for business as a fixed base operator ("FBO") providing aircraft fueling services at the Airport and retaliate against BEH's attempts to seek redress for this conduct.  BEH alleges that the Norwood Defendants engaged in this conduct in order to protect and maintain the monopoly of an incumbent FBO at the Airport, an entity called FlightLevel.

31.     According to the BEH complaint, BEH subleased property at the Airport and on this property made investments in constructing and installing underground fuel tanks and a hangar.  BEH alleges that it made these investments so that it could eventually operate as an FBO providing aircraft fueling services in addition to flight services at the Airport.

32.     In order to operate as an FBO, BEH required an FBO permit and ramp space at the Airport where the aircraft could be refueled.  According to BEH's complaint, the Norwood Defendants engaged in a scheme to prevent BEH from obtaining such required FBO permit and

ramp space, thereby effectively preventing BEH from operating an FBO at the Airport.  BEH

alleges the conduct of the Norwood Defendants included the following:

    a.  The Norwood Defendants initially, in March 2014, refused to lease BEH an adequate amount of space for a ramp;

    b.  The Norwood Defendants then, in February 2015, imposed unreasonable conditions on BEH's acceptance of a lease for adequate ramp space;

    c.  The Norwood Defendants purportedly demanded that BEH meet certain standards beyond those actually required by the NAC in order to obtain an FBO permit, and that those standards were not imposed on FlightLevel;

    d.  The Norwood Defendants knowingly allowed FlightLevel in February 2015 to place barriers up blocking BEH's hangar gate;

    e.  The Norwood Defendants allowed the prime lessee of BEH's property to impose higher fees and requirements on BEH than FlightLevel when BEH proposed to become a competitor to FlightLevel; and

    f.  The Norwood Defendants took retaliatory action against BEH when BEH filed an administrative complaint with the FAA in March 2015 alleging that the Town and NAC had engaged in exclusionary and discriminatory practices.

33.    The BEH Action as originally filed set forth the following causes of action:

    a.  Declaratory Judgment (against NAC);

    b.  Breach of Contract as to its Sublease and Assignment (against NAC);

    c.  Breach of Contract as to the Prime Lease (against NAC);

    d.  Promissory Estoppel / Detrimental Reliance (against NAC);

    e.  Violation of 42 U.S.C. § 1983 – Due Process;

    f.  Violation of 42 U.S.C. § 1983 – Equal Protection;

    g.  Violation of 42 U.S.C. § 1983 – Retaliation;

    h.  Violation of the Massachusetts Civil Rights Act;

    i.  Attempted Monopolization and Conspiracy to Monopolize in Violation of the Massachusetts Antitrust Act;

10

j.  Unlawful Restraint of Trade or Commerce in Violation of the Massachusetts Antitrust Act;

k.  Attempted Monopolization and Conspiracy to Monopolize in Violation of Section 2 of the Sherman Antitrust Act, 15 U.S.C. § 2; and

l.  Unlawful Restraint of Trade in Violation of Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1.

34.    As relief, the BEH Action, as originally filed, sought: a declaration that it meets the minimum standards for issuance of an FBO permit, that NAC has acted beyond its statutory authority in refusing to issue an FBO permit, and that NAC's conduct has been biased, unsupported by substantial evidence, and is arbitrary, capricious and an abuse of discretion; compensatory damages; punitive damages; an order enjoining the Norwood Defendants from restricting BEH from selling fuel and awarding damages; an order requiring the Norwood Defendants to issue BEH necessary permits, licenses, lease space and authorizations to operate as an FBO; and other equitable relief necessary and appropriate to restore competitive conditions.

35.    On July 6, 2016, the court in the BEH Action issued an opinion dismissing all counts of the complaint other than Count VII for Violation of 42 U.S.C. § 1983 – Retaliation.

**THE POLICIES DO NOT AFFORD COVERAGE FOR THE BEH ACTION**

36.    There is no coverage under the Policies for the claims, causes of action, liabilities, and damages which are the subject of the BEH Action.

37.    The BEH Action does not seek "damages because of 'bodily injury' or 'property damage.'"  There is no "bodily injury" or "property damage" alleged in the BEH Action; *i.e.*, "[p]hysical injury to tangible property" or "[l]oss of use of tangible property."  Specifically, the

BEH Action only alleges that BEH's business plan was impaired and not that any physical property it owns was damaged.

38.     The BEH Action does not allege an "occurrence" under the Policies; *i.e.*, "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Specifically, the BEH Action complains that the Norwood Defendants acted intentionally to injure BEH's business in retaliation against BEH, and therefore does not allege an "accident."

39.     In addition, the "Expected Or Intended Injury" exclusion precludes coverage for "[b]odily injury" or "property damage" that is "expected or intended from the standpoint of the insured."  The BEH Action complains that the Norwood Defendants acted intentionally to injure BEH's business in retaliation against BEH.

40.      Coverage A of the Policies therefore does not provide coverage for the BEH Action.

41.     The BEH Action does not seek damages "because of 'personal and advertising injury' to which this insurance applies resulting from [the Insured's] aviation operations'" as required for coverage to exist under Coverage B of the Policies.

42.     There is no "personal and advertising injury" alleged in the BEH Action.  The BEH Action does not allege injury "arising out of one or more of" the personal and advertising injury offenses specified in the Policies, including:

> c.      The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling, or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
>
> d.      Oral or written publication, in any manner, of material that slanders or libels a person or

> organization or disparages a person's or organization's goods, products, or services; and
>
> i. Discrimination or humiliation suffered by an individual, based on, but not limited to, race, color, religion, national origin, age, sex, marital status, sexual orientation, harassment, handicap, pregnancy, chronic medical condition, or obesity.

43. In addition, the "Knowing Violation Of Rights Of Another" exclusion precludes coverage for "[p]ersonal and advertising injury" that is "caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury.'" The BEH Action complains that the Norwood Defendants acted intentionally to injure BEH's business in retaliation against BEH.

44. Furthermore, coverage under the Policies is limited to "suits seeking . . . damages." No coverage exists for any equitable relief sought by BEH or the Norwood Defendants' costs of complying with any injunctive relief.

45. No coverage exists for any damages that are uninsurable as a matter of public policy.

### COUNT I – DECLARATORY JUDGMENT, NO DEFENSE OR INDEMNITY OWED UNDER THE POLICIES

46. Plaintiff repeats and reiterates each and every allegation made in paragraphs 1 through 45 as if fully set forth herein.

47. National Union has reserved its rights to disclaim coverage for the BEH Action on various grounds based on the terms, conditions and exclusions of Policies, including without limitation:

> a. that there is no coverage under Coverage A of the Policies because the BEH Action does not seek "damages because of 'bodily injury' or 'property damage'", the BEH Action does not allege an "occurrence", and based upon the "Expected Or Intended Injury" exclusion;

b.  that there is no coverage under Coverage B of the Policies because the BEH Action does not seek damages "because of 'personal and advertising injury' to which this insurance applies resulting from [the Insured's] aviation operations'", and based upon the "Knowing Violation Of Rights Of Another" exclusion;

c.  that no coverage exists for any equitable relief sought by BEH or the Norwood Defendants' costs of complying with any injunctive relief because coverage is limited to "suits seeking . . . damages";

d.  that no coverage exists for any damages that are uninsurable as a matter of public policy, including punitive damages.

48.  By reason of the foregoing, an actual and justiciable controversy exists between the parties.  National Union therefore seeks a declaratory judgment regarding the parties' respective rights and obligations under the Policies.

## COUNT II – BREACH OF THE POLICIES' REPORTING REQUIREMENTS

49.  Plaintiff repeats and reiterates each and every allegation made in paragraphs 1 through 45 as if fully set forth herein.

50.  The Policies require the insureds to notify National Union "as soon as practicable" of an offense which may result in a claim, provide notice of the claim or "suit" as soon as practicable, and immediately provide copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit."

51.  Upon information and belief, BEH's claims have been ongoing since at least 2014 as indicated by the following:

a.  In 2014, BEH filed suit in Norfolk County Superior County seeking to compel the one or more of the Defendants' compliance with public records requests.

b.  In February 2014, BEH sought assistance from the FAA Regional Airports Division, which resulted in an investigation by the FAA and a request by the FAA to NAC for a response to BEH's complaint.

c.  On March 5, 2015 BEH obtained an order from a Massachusetts Superior Court mandating removal of the blockade erected by FlightLevel allegedly with the Defendants' approval.

14

    d. On or about March 11, 2015, BEH filed an administrative complaint with the Office of Chief Counsel of the FAA.

52. Because the conduct forming the basis of the BEH Action occurred in 2014 and early 2015, and in fact BEH complained to the FAA in February 2014 and commenced an administrative proceeding in March 2015 based on the same allegations contained in the BEH Action, the notice provided to National Union on December 1, 2015 was not made "as soon as practicable" as is required by the Policies.

53. In addition, notice of the BEH Action was not provide until December 1 – almost two months after BEH's complaint was served on the Defendants on October 6 and 7, 2015.

54. By reason of the foregoing, an actual and justiciable controversy exists between the parties. National Union therefore seeks a declaratory judgment regarding the parties' respective rights and obligations under the Policies.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff National Union prays for judgment in its favor and against all Defendants, as follows:

A. Declaring the parties' rights and obligations under the Policies;

B. Declaring that National Union owes no duty under either Policy No. AP 004792749-21 or Policy No. AP 004792749-22 to defend, pay defense costs, or indemnify the Norwood Defendants from any claims, liabilities, causes of action, or damages which are the subject of the BEH Action;

C. Declaring that National Union may withdraw its defense of the Norwood Defendants in the BEH Action;

D. Awarding such other and further relief as the Court may consider equitable, fair and proper.

15

Dated: October 3, 2016

By:   /s/ Andrew T. Houghton

Andrew T. Houghton, Esq. (BBO #553908)
SKARZYNSKI BLACK LLC
One Battery Park Plaza, Fl. 32
New York, New York 10004
Tel.:   (212) 820-7700
Fax:   (212) 820-7740
Email: ahoughton@skarzynski.com

*Attorneys for Plaintiff National Union Fire Insurance Company of Pittsburgh, PA.*

4822-2663-8895, v. 2

16