**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| NATIONAL UNION FIRE INS. CO. OF PITTSBURGH, PA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| TOWN OF NORWOOD, NORWOOD MEMORIAL AIRPORT, NORWOOD AIRPORT COMMISSION, FRANCIS T. MAGUIRE, MARK P. RYAN, KEVIN J. SHAUGHNESSY, MARTIN E. ODSTRCHEL, MICHAEL SHEEHAN, LESLIE W. LEBLANC, THOMAS J. WYNNE, and BOSTON EXECUTIVE HELICOPTERS, LLC, | ) Case No.: 1:16-cv-11978 ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO**
**DEFENDANTS' SECOND MOTION TO DISMISS COUNT II OF THE COMPLAINT**

Plaintiff, National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), respectfully submits this memorandum of law in opposition to the second Motion to Dismiss filed by Defendants, Town of Norwood, Norwood Memorial Airport, Norwood Airport Commission, Francis T. MaGuire, Mark P. Ryan, Kevin J. Shaughnessy, Martin E. Odstrchel, Michael Sheehan, Leslie W. LeBlanc, and Thomas J. Wynne (collectively, the "Norwood Defendants") seeking to dismiss Count II of the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.   INTRODUCTION

The Norwood Defendants have filed a second Motion to Dismiss Count II of National Union's Complaint, repeating the same argument raised in their *first* Motion to Dismiss that

National Union has failed to adequately plead prejudice and raising new arguments that should have, and could have, been raised in their first Motion to Dismiss, in violation of Rule 12(g)(2).

National Union has been providing a defense to the Norwood Defendants of the litigation commenced by Defendant, Boston Executive Helicopters, LLC ("BEH"), that is currently pending before this Court styled *Boston Executive Helicopters, LLC v. Maguire et al.* under Case No. 15-13647 (the "BEH Action") through the Norwood Defendants' chosen counsel and subject to a reservation of rights that no coverage exists and that the Norwood Defendants' notification to National Union was untimely.  The lack of coverage became all the more apparent when, on July 6, 2016, this Court dismissed all claims asserted in the BEH Action but for a retaliation claim.

On October 3, 2016, National Union filed a complaint seeking a declaration of no coverage and to terminate the defense it is providing the Norwood Defendants.  (ECF No. 1.) National Union's Complaint for Declaratory Relief asserted in Count I a claim seeking a declaration that no defense or indemnity is owed to the Norwood Defendants and in Count II, in the unlikely event that it does not prevail on Count I, a claim based on the Norwood Defendants' breach of the subject policies' reporting requirements.

In response, the Norwood Defendants filed a motion under Rule 12(b)(6) seeking to dismiss Count II on the sole ground that National Union had failed to plead prejudice.  (ECF Nos. 23-24.)  In order to resolve this issue without burdening the Court and to avoid delay, National Union filed an Amended Complaint asserting prejudice and including the specific fact that the Norwood Defendants had engaged in settlement discussions before ever notifying National Union of the underlying dispute and the BEH Action.  (ECF No. 25.)  Despite the supposed deficiency in the Complaint (which National Union disputed) having been cured, the

Norwood Defendants now make a second attempt to dismiss Count II under Rule 12(b)(6), thus further delaying this matter from moving forward.

The indisputable facts are that settlement discussions had taken place between BEH and the Norwood Defendants and that their dispute had been ongoing at least a year before National Union was ever notified. Yet, the Norwood Defendants continue to cling to their assertion that National Union fails to meet the applicable pleading standards and states no plausible claim that the Norwood Defendants violated the subject policies' notice requirements.  In addition, to justify their failure to provide timely notice, the Norwood Defendants now belatedly attempt to re-write the subject insurance policies so as to only require that insureds provide notice of suits giving rise to a duty to defend.  However, the Norwood Defendants ignore the clear policy provisions also requiring notice of an occurrence or an offense which may result in a claim, and notice of a claim. Notably, these additional arguments do not address the prejudice allegation in the Amended Complaint, but instead are directed at the subject policies' notice requirement and the events leading up to the BEH Action, all of which were pleaded in National Union's original Complaint but not raised in the Norwood Defendants' first motion to dismiss.  Thus, to that extent, the Norwood Defendants' current motion is a "do-over" and is prohibited by Rule 12(g)(2).

"Do-over" or not, however, the Norwood Defendants' second motion is not based on an accurate reading of the policies or the law. Most importantly, the Amended Complaint sufficiently pleads prejudice, particularly in view of the Norwood Defendants having engaged in settlement discussions before providing notice.  The Norwood Defendants' second Motion to Dismiss should, therefore, be denied.

## II.   STANDARD OF REVIEW FOR RULE 12(b)(6) MOTIONS

In order to survive a motion to dismiss, the plaintiff must state a claim that is plausible on its face.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The test for whether a claim is "plausible" has been described as follows:

> A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. A court may not disregard properly pled factual allegations even if actual proof of those facts is improbable. Rather, the relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw.

Sunrise Technologies, Inc., v. Cimcon Lighting, Inc., No. 15–11545, 2016 WL 6902395, at *1 (D. Mass. Nov. 23, 2016) (citing Ocasio–Hernandez v. Fortuno–Burset, 640 F.3d 1, 12-13 (1st Cir. 2011)).

The United States Supreme Court clarified that the test does not "require a heightened fact pleading of specifics" but just enough facts to state a plausible claim for relief.  Twombly, 550 U.S. at 570.  The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Id. at 555 (internal citations omitted).

The "plausibility standard is not akin to a 'probability standard.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Accordingly, a "court may not insist on the allegation of 'specific facts' that would be necessary to prove the claim at trial" or on summary judgment because such a requirement is "incompatible with the notice pleading structure of the Federal Rules."  Ocasio-Hernandez, 640 F.3d at 10 (citing Twombly, 550 U.S. at 570).  Significantly, a "well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely."  Twombly, 550 U.S. at 556; see also

<u>Druker v. Sullivan</u>, 334 F. Supp. 861, 864 (D. Mass. 1971), <u>aff'd</u>, 458 F.2d 1272 (1st Cir. 1972) (noting that motions to dismiss for failure to state a claim are "rarely granted").

Here, before demonstrating under the above standard that National Union has alleged sufficient facts to state a claim for the Norwood Defendants' breach of the subject policies' reporting requirements, it is necessary to address the Norwood Defendants' belated arguments regarding the notice provided and misstatement of what the subject insurance policies actually require.

## III.  THE NORWOOD DEFENDANTS' BELATED ARGUMENTS REGARDING THE SUBJECT POLICIES' NOTICE REQUIREMENTS ARE PROHIBITED BY FEDERAL RULE OF CIVIL PROCEDURE 12(G)(2)

Federal Rule of Civil Procedure 12(g)(2) provides that "[e]xcept as provided in Rule(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."  Rule 12(g)(2).  Thus, grounds for dismissal that are omitted from an earlier motion generally are considered to be waived.  <u>Duro Textiles, LLC v. Sunbelt Corp.</u>, 12 F. Supp. 2d 221, 225 (D. Mass. 2014) (rejecting the parties' attempt to reserve arguments for a future motion as an attempt to proceed piecemeal in violation of Rule 12(g)(2)).  The recognized purpose of this rule is to "eliminate unnecessary delays in the early pleading states of a suit."  <u>Id.</u> <u>See also</u> <u>Alves v. Daly</u>, No. 12-10935, 2013 WL 1330010, at *6 (D. Mass. March 29, 2013) (court exercised its discretion to decide impermissibly filed motion).

Where a complaint is amended after the defendant has filed a motion to dismiss, Rule 12(g)(2) prohibits that defendant from, in a *second* motion to dismiss, raising objections that were available but not raised when the first motion was filed.  With regard to this scenario, one court has explained:

According to one leading commentator, "[t]he filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of the pleading; conversely, a Rule 12 defense that becomes available because of new matter in the amended complaint may be asserted by motion." Wright & Miller, 5D *Federal Practice & Procedure* § 1388, at 491-92 (3d ed 2004). Although the Ninth Circuit has not had occasion to apply this principle, the weight of authority outside this circuit holds that where the complaint is amended after the defendant has filed a Rule 12(b) motion, the defendant may not thereafter file a second Rule 12(b) motion asserting objections or defenses that could have been asserted in the first motion.

Federal Agricultural Mortgage Corp. v. It's A Jungle Out There, Inc., No. C 03-3721, 2005 WL 3325051 at *5 (N.D. Cal Dec. 7, 2005).

Here, the Norwood Defendants moved to dismiss National Union's original Complaint on the sole ground that it had not alleged prejudice. (ECF No. 24.) National Union's Amended Complaint only adds an allegation of prejudice and supporting facts. (Am. Compl. ¶ 54, ECF No. 25.)[1] While the Norwood Defendants' second motion to dismiss does address the prejudice allegation (see Norwood Defs.' Mem. at 4-6, ECF No. 29), their second motion also focuses on the events described in paragraph 51 and argues, for the first time, that the Norwood Defendants had no duty to notify National Union of anything until the BEH Complaint was filed and that National Union had no right to notice until its duty to defend arose with that filing. (See id. at 6-9.) Paragraph 51 in the Amended Complaint is unchanged from the original Complaint and the arguments made in sections 3 and 4 of their second motion were available at the time the Norwood Defendants filed first motion to dismiss.

---

[1] The Norwood Defendants acknowledge that the prejudice allegation in paragraph 54 is the only new allegation in the Amended Complaint: "The only discernable difference between the Plaintiff's original Complaint and its Amended Complaint is the addition of the following new Paragraph 54…." (Norwood Defs.' Mot. Dismiss at 4, ¶ 4, ECF No. 28.)

The exceptions to Rule 12(g)(2) are inapplicable. No answer has been filed and consequently a Rule 12(c) motion would be premature. See Conseal Int'l Inc. v. Bolster America, Inc., No. 16-cv-61027, 2016 WL 6581876, at *2 (S.D. Fla. Nov. 7, 2016).

Accordingly, the Norwood Defendants' arguments in sections 3 and 4 of their Motion to Dismiss should not be considered and should not be allowed to further delay these proceedings. Nevertheless, even if the Court were to exercise its discretion to consider these arguments now, they are without merit, as shown in sections IV and V below.

## IV.  THE NORWOOD DEFENDANTS CANNOT RE-WRITE THE POLICIES TO EXCUSE THEIR UNTIMELY NOTICE

The Norwood Defendants commit a substantial portion of their motion to an  argument, which draws from unrelated policy language and misconstrues the recent First Circuit decision in Sanders v. Phoenix Ins. Co., 843 F.3d 37 (1st Cir. 2016), that they had no obligation to notify National Union of anything short of a suit seeking damages.  According to the Norwood Defendants:

> Under the policies it is clear that the duty to notify the insurer extends only to "a written or verbal claim for damages because of the 'bodily injury' or 'property damage'", or "that 'bodily injury' or 'property damage' has occurred or has begun to occur."

> There is no evidence or even allegation of any "written or verbal claim for damages" prior to suit being filed in October, 2015. Therefore, the Norwood Defendants had no duty to notify the Plaintiff of anything until the BEH Complaint was filed, and had no duty to provide notice of prior squabbles about access to public records or some dispute under FAA rules if there was no claim of physical or bodily harm.

(Norwood Defs.' Mem. at 7,  ECF No. 29) (emphasis omitted).   Defendants also accuse National Union of ignoring well-settled Massachusetts law that an insurer's duty to defend does not arise until a complaint seeking damages is filed, as reflected in Sanders. From there, the Norwood Defendants construct their argument that "[i]f the obligation to defend does not arise

until a complaint for damages is filed, then it is illogical for Plaintiff to cry 'prejudice' with respect to a period of time in which it had no duty to defend, i.e. before the underlying complaint had been filed." (Id. at 8.)   These arguments are wrong in every respect because the policies require notice as soon as practicable of an "occurrence" or an offense which may result in a claim and require notice as soon as practicable of any claim or suit.  Moreover, the Norwood Defendants conflate the well-settled Massachusetts law stated in Sanders.

### a. The policies require notice of an "occurrence" or an offense which may result in a claim, and any claim or suit.

Notably, the Norwood Defendants do not refer to the subject policies' actual notice provisions when describing what they contend the policies require.  The actual notice provisions, contained in Section IV- Commercial General Liability Conditions, could not be clearer.  They require:

**4.     Duties in the event of occurrence, offense, claim, or suit**

a.   You must see to it that we or the "Aviation Managers" are notified as soon as practicable **of an "occurrence" or an offense which may result in a claim**. To the extent possible, notice should include:

(1) How, when and where the "occurrence" or offense took place;

(2) The names and addresses of any injured persons and witnesses; and

(3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

b.   **If a claim is made or "suit" is brought against any insured, you must**:

(1) Immediately record the specifics of the claim or "suit" and the date received; and

(2) **Notify us or the "Aviation Managers" as soon as practicable**.

You must see to it that we or the "Aviation Managers" receive written notice of the claim or "suit" as soon as practicable.

> c.   You and any other involved insured must:
>
>   (1) **Immediately send us or the "Aviation Managers" copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit"** . . . .

(Am. Compl. Exs. A and B at 15 of 28 of the CGL Coverage Form, ECF No. 25) (emphasis added).

The policies' actual notice provisions plainly require that the insured notify National Union as soon as practicable "of an 'occurrence'[2] or an offense[3] which may result in a claim." In addition, the insured must notify National Union as soon as practicable when a claim or suit is brought against the insured and immediately provide National Union with any legal papers. Thus, the Norwood Defendants had two obligations: (1) notify National Union of any "occurrence" or offense which may result in a claim; and (2) notify National Union when any claim or suit is brought.  Both sets of obligations are recognized in Massachusetts case law.  See, e.g., Johnson Controls, Inc. v. Bowes, 409 N.E.2d 185, 186 n.2 (Mass. 1980) (noting that the insurance contract required written notice in the event of an occurrence and "[i]f claim is made or suit is brought against the Insured, the Insured shall immediately forward to the Company every demand, notice, summons or other process received by him or his representative."); Fireman's Fund Ins. Co. v. Valley Manufactured Prod. Co., 765 F. Supp. 1121, 1123 (D. Mass. 1991), aff'd sub nom., 960 F.2d 143 (1st Cir. 1992) (holding that the insurers demonstrated actual prejudice as a result of the insureds' failure to provide written notice of the occurrence "as

---

[2] An "occurrence" is the underlying event giving rise to potential coverage under Coverage A Bodily Injury And Property Damage Liability.

[3] The commission of an "offense" is the event giving rise to potential coverage under Coverage B – Personal and Advertising Injury Liability.

soon as practicable" and noting that such notice provisions "are designed to alert insurers to the existence of occurrences before the assertion of any claims," among other purposes).

More importantly, contrary to the Norwood Defendants' assertions, their reporting obligations are not limited to "a written or verbal claim for damages," as they would have this Court conclude. The Defendants lift that language from a different section[4] of the subject policies in order to support their meritless argument. Ironically, the <u>Sanders</u> court rejected such misuse of policy provisions. <u>See Sanders v. Phoenix Ins. Co.</u>, 843 F.3d 37, 43 (1st Cir. 2016) ("While an insurance policy must be read as a whole, that prescription does not give a party license to transplant randomly words from one provision into the inhospitable soil of an entirely different provision.").[5]

### b. The Norwood Defendants' reliance on <u>Sanders</u> as a basis to assert that no notice obligation exists until a suit has been filed is misplaced.

The Norwood Defendants misconstrue the <u>Sanders</u> decision. In <u>Sanders</u>, the First Circuit concluded that a 93A demand letter is not the equivalent of a "suit" giving rise to a duty to defend. <u>Id.</u> at 44-45. The <u>Sanders</u> decision does not address a liability policy's notice requirements, let alone supplant a policy's notice requirements or authorize an insured to ignore them. Indeed, if any conclusion is to be drawn from <u>Sanders</u>, it is that National Union has a right to investigate any occurrence or offense that the insured *must* report even if no "suit" has been

---

[4] The Norwood Defendants appear to have taken the "written or verbal claim for damages" language from paragraph d of the Insuring Agreement for Coverage A Bodily Injury And Property Damage Liability, which addresses when "bodily injury" or "property damage" will be deemed to be known to have occurred, in the context of whether the policy will apply to a continuation of injury or damage known to have occurred in a prior period. (Am. Compl. Exs. A and B at 2 of 28 of the CGL Coverage Form, ECF No. 25.) The provision has no application to Coverage B – Personal and Advertising Injury Liability.

[5] The Norwood Defendants also recite the general rule that an ambiguity should construed against the insurer. (<u>See</u> Norwood Defs.' Mem. at 7, ECF No. 29.) However, they do not identify any language or provision that they contend is ambiguous or explain what the purported ambiguity is.

commenced.  See id. at 46 (recognizing and giving force to the "clear distinction between the duty to defend (which applies to suits alone) and the right to investigate (which applies to both suits and claims).").

Here, in the Insuring Agreements of Coverage A Bodily Injury And Property Damage Liability and Coverage B – Personal And Advertising Injury Liability, the subject policies provide National Union the right to "at [its] discretion, investigate any 'occurrence' and settle any claim or 'suit' that may result" and the right to "at [its] discretion, investigate any offense and settle any claim or 'suit' that may result."   (Am. Compl. Exs. A and B at 1 of 28 of the CGL Coverage Form para 1.a. and at 6 of 28 of the CGL Coverage Form para 1.a., ECF No. 25.)  As recognized in Sanders, because the subject policies distinguish between occurrences, offenses, claim and suits, the Norwood Defendants cannot unilaterally and self-servingly limit their obligations to reporting only suits.

The policies' notice provisions plainly require the Norwood Defendants to as soon as practicable: (1) notify National Union of any "occurrence" or offense which may result in a claim; and (2) notify National Union when any claim or suit is brought and immediately provide National Union with any legal papers.  Further, the First Circuit in Sanders does not stand for the proposition, nor can it conceivably support the argument, that the Norwood Defendants had no obligation to provide notice to National Union of anything short of a suit for damages. Therefore, having established what the Norwood Defendants' notice obligations are under the subject policies, the issue is whether National Union has adequately stated a claim that the Norwood Defendants breached those obligations.

## V.   NATIONAL UNION HAS STATED A CLAIM FOR BREACH OF THE POLICIES' REPORTING REQUIREMENTS

National Union has sufficiently alleged that the Norwood Defendants' notice of an occurrence, offense or claim underlying the BEH Action, and notice of the BEH Action itself, was untimely.   In the Amended Complaint, National Union alleges that BEH's claims against the Norwood Defendants have been ongoing since at least 2014 as indicated by specific actions taken by BEH:

> a.   In 2014, BEH filed suit in Norfolk County Superior County seeking to compel the one or more of the Defendants' compliance with public records requests.
>
> b.   In February 2014, BEH sought assistance from the FAA Regional Airports Division, which resulted in an investigation by the FAA and a request by the FAA to NAC for a response to BEH's complaint.
>
> c.   On March 5, 2015 BEH obtained an order from a Massachusetts Superior Court mandating removal of the blockade erected by FlightLevel allegedly with the Defendants' approval.
>
> d.   On or about March 11, 2015, BEH filed an administrative complaint with the Office of Chief Counsel of the FAA.

(Am. Compl. ¶ 51, ECF No. 25.)   National Union further alleges that the foregoing disputes comprise the same allegations now contained in the BEH Action.  (Id. ¶ 52.)

The Norwood Defendants' various attempts to downplay the long-running dispute leading up to the BEH Action are unavailing.   Notwithstanding that the foregoing allegations must be taken as true for the purposes of this motion, the Norwood Defendants' attempt to dismiss the allegations as "some unspecified dispute" defies common sense because all of the details described above are alleged in the BEH Action.

As alleged by National Union, the Norwood Defendants did not provide any notice or legal papers until December 1, 2015—almost two months after BEH's complaint was served on the Defendants on October 6 and 7, 2015 and at least a year after BEH had begun asserting

claims and complaints against the Norwood Defendants based on the same allegations. (Id. ¶¶ 51-53.) The Norwood Defendants' notice of these claims was not "as soon as practicable" and the BEH complaint was not provided "immediately" to National Union as required by the subject policies. (Id. ¶¶ 50-53.) See Royal-Globe Ins. Co. v. Craven, 585 N.E. 2d 315, 318 n. 7 (Mass. 1992) (discussing cases holding that a delay of as little 40 days was not "as soon as practicable"); MSM Industries, Inc. v. Zurich American Ins. Cos., No. 93-12014, 1997 WL 260059, at *10 (D. Mass March 25, 1997) (relying on Royal-Globe in finding insured's notice untimely).

## VI.   NATIONAL UNION HAS SUFFICIENTLY ALLEGED PREJUDICE RESULTING FROM THE NORWOOD DEFENDANTS' UNTIMELY NOTICE

On the issue of prejudice, the Norwood Defendants only make bare accusations that National Union's allegations are "on information and belief," lack specificity, and are merely conclusory. (Norwood Defs.' Mem. at 5-6, ECF No. 29.) According to the Norwood Defendants, the allegation does not state a plausible claim. To the extent National Union does not have information regarding what occurred in the year or more during which the dispute with BEH was ongoing and in the two months after the BEH Action was initiated prior to receiving notice and how these developments have impacted National Union's rights, the prejudice to National Union is upon information and belief.[6] However, notably, the Norwood Defendants

---

[6] Should the matter not be resolved on Count I, what exactly did or did not occur in the development of the dispute during that period will be the subject of discovery. The Norwood Defendants have sole possession of the information that is relevant to prejudice. Courts have repeatedly denied motions to dismiss where facts necessary to support a claim may be unknown pending discovery. See, e.g., Twombly, 550 U.S. at 556 (clarifying that asking for plausible grounds to infer the allegations in a complaint "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the allegations); In re Carbon Black Antitrust Litig., No. CIV.A.03-10191-DPW, 2005 WL 102966, at *7 (D. Mass. Jan. 18, 2005) (citing cases permitting a complaint to survive a motion to dismiss because many of the facts may be unknown to the plaintiffs until they have had an opportunity to conduct some discovery); Santander Bank, N.A. v. Baldwin Realty, LLC, No. CIV.A. 13-13161-FDS, 2015 WL 1781741, at *9 (D. Mass. Apr. 17,

wholly ignore the allegation in paragraph 54 of the Amended Complaint that they engaged in settlement discussions with BEH before providing notice to National Union, thus prejudicing National Union.

The allegation that the Norwood Defendants engaged in settlement negotiations is not "on information and belief," does not lack specificity, and is not merely conclusory. Indeed, in a Joint Motion to Stay Litigation and Continue December 9, 2015 Scheduling Conference, filed in the Underlying Litigation on November 23, 2015 (before notice was provided to National Union in December 2015), the Norwood Defendants and BEH themselves state that "[t]he parties are currently engaged in informal settlement discussions." (Case 1:15-cv-13647-RGS, ECF No. 17 at 2, para. 5).

The impact of such settlement discussions on National Union's rights cannot be ignored. As recognized by the First Circuit in Sanders, an insurer has a right to investigate any occurrence or offense that the insured must report even if no "suit" has been commenced. See Sanders, 843 F.3d at 46. As previously noted, the subject policies provide National Union the right to "at [its] discretion, investigate any 'occurrence' and settle any claim or 'suit' that may result" and the right to "at [its] discretion, investigate any offense and settle any claim or 'suit' that may result." (Am. Compl. Exs. A and B at 1 of 28 of the CGL Coverage Form para 1.a. and at 6 of 28 of the CGL Coverage Form para 1.a., ECF No. 25.)

By engaging in settlement discussions before ever notifying National Union of the claim or suit, the Norwood Defendants denied National Union the right to participate in those

2015) (defendant's allegations of the plaintiff's bad faith "cannot be conclusively determined at this stage of the proceedings [motion to dismiss]"); Akar v. Fed. Nat'l Mortg. Ass'n, 845 F. Supp. 2d 381, 400 (D. Mass. 2012) (plaintiffs alleged sufficient facts to show that Wells Fargo failed to act in good faith and "[t]he question whether the plaintiffs may be able to prevail on these claims should be determined after the parties have had an opportunity to engage in discovery"). While these cases dealt with antitrust or bad faith claims, the prejudice suffered by National Union similarly cannot be fully determined until National Union has had an opportunity to engage in discovery.

discussions.  This is prejudice to National Union, as recognized by other courts.  See Steelcase, Inc. v. Am. Motorists Ins. Co., 907 F.2d 151, 1990 WL 92636, at *5 (6th Cir. July 3, 1990).  In Steelcase, the insured notified its insurers of a leak of solvents from an underground tank over two years after the leak was discovered and after negotiating a cleanup proposal with the California Water Quality Control Board.  Id. at *1.  Affirming the district court's finding that the insurers were prejudiced by the late notice, the Sixth Circuit found that, among other things, the insured's late notice prejudiced the insurers by denying their right to participate in the discussions with the Board.  Id. at *2, 5.  The court also rejected the insured's argument that the insurers would not have participated in the discussions because they would have denied coverage, as they did later when notice was provided:

> That is speculative.  It is true that appellees cite several grounds for their belief that coverage did not exist under the policies, but to imply that appellees would not have taken a role in the decisions affecting Steelcase's ultimate liability is unfair and unrealistic.  Even if AMICO and GNIC believed coverage did not exist under the policies, there are reasons the insurers might have decided to undertake the defense of Steelcase in its dispute with the Water Board.  For instance, the insurers might have decided they could sufficiently minimize the cost of the cleanup plan to offset the projected costs of the litigation against Steelcase over the issue of coverage.

Id. at *5.

As National Union has alleged, the dispute between BEH and the Norwood Defendants was ongoing for at least a year before the initiation of the BEH Action and a further two month delay occurred after initiation of the BEH Action before notice was finally provided to National Union.  As National Union has also alleged, the Norwood Defendants and BEH also engaged in settlement discussion before notice was provided to National Union. These allegations are not conjecture, but rather state a plausible claim of prejudice and a breach of the Norwood Defendants' reporting obligations resulting in no coverage being available.

VII.     **CONCLUSION**

For the foregoing reasons, Plaintiff, National Union Fire Insurance Company of Pittsburgh, PA, respectfully requests that this Court deny the Norwood Defendants' second Motion to Dismiss and direct the Norwood Defendants to respond to the Amended Complaint.

Dated: January 4, 2017                          Respectfully submitted,

                                                _____
                                                Andrew T. Houghton, Esq. (BBO #553908)
                                                SKARZYNSKI BLACK LLC
                                                One Battery Park Plaza, Floor 32
                                                New York, New York 10004
                                                Tel.:    (212) 820-7700
                                                Fax:     (212) 820-7740
                                                Email: ahoughton@skarzynski.com

                                                *Attorneys for Plaintiff National Union Fire*
                                                *Insurance Company of Pittsburgh, PA*

16

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| NATIONAL UNION FIRE INS. CO. OF PITTSBURGH, PA, <br><br> Plaintiff, <br><br> v. <br><br> TOWN OF NORWOOD, NORWOOD MEMORIAL AIRPORT, NORWOOD AIRPORT COMMISSION, FRANCIS T. MAGUIRE, MARK P. RYAN, KEVIN J. SHAUGHNESSY, MARTIN E. ODSTRCHEL, MICHAEL SHEEHAN, LESLIE W. LIEBLANC, THOMAS J. WYNNE, and BOSTON EXECUTIVE HELICOPTERS, LLC, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   Case No.: 1:16-cv-11978 |

**<u>Certificate of Service</u>**

The undersigned counsel hereby certifies that Plaintiff, National Union Fire Insurance Company of Pittsburgh, PA's, memorandum of law in opposition to the second Motion to Dismiss filed by Defendants, Town of Norwood, Norwood Memorial Airport, Norwood Airport Commission, Francis T. MaGuire, Mark P. Ryan, Kevin J. Shaughnessy, Martin E. Odstrchel, Michael Sheehan, Leslie W. LeBlanc, and Thomas J. Wynne has been filed through the Court's ECF system and sent electronically to the registered participants as identified on the Notice of Electronic Filing.  Paper copies will be sent to those indicated as non-registered participants on January 4, 2017.

Dated: January 4, 2017

_____
Andrew T. Houghton, Esq. (BBO #553908)
SKARZYNSKI BLACK LLC
One Battery Park Plaza, Floor 32
New York, New York 10004
Tel.:    (212) 820-7700
Fax:    (212) 820-7740
Email: ahoughton@skarzynski.com
*Attorneys for Plaintiff National Union Fire*
*Insurance Company of Pittsburgh, PA*