UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| National Union Fire Ins. Co. of Pittsburgh, PA. )<br>Plaintiff )<br>v. )<br> )<br>Town of Norwood, Norwood Memorial Airport, )<br>Norwood Airport Commission, Francis T. )<br>Maguire, Mark P. Ryan, Kevin J. Shaughnessy, )<br>Martin E. Odstrchel, Michael Sheehan, Leslie W. )<br>LeBlanc, Thomas J. Wynne and Boston )<br>Executive Helicopters, LLC., )<br>Defendants )<br> ) | CA No. 1:16-cv-11978-RGS<br><br>**Permission Granted By Order<br>Dated January 10, 2017, Docket<br>Entry #36** |

**Reply Brief To Plaintiff's Opposition To Norwood Defendants' Motion To Dismiss Count II Of Plaintiff's Amended Complaint**

The Norwood Defendants address Plaintiff's Fed. R. Civ. P. 12(g)(2) argument in this brief, and thank the Court for granting them leave to reply.[1]

**1.    An Amended Complaint Supercedes The Predecessor Complaint**

While the cases cited by the Plaintiff do indeed support Plaintiff's argument under Fed. R. Civ. P. 12(g)(2), there is another line of authority which provides that, as the First Circuit has noted:

> "[a]n amended complaint, once filed, normally supersedes the antecedent complaint," and causes the latter to "no longer perform[ ] any function in the case." *Connectu LLC v.*

---

[1]    The Norwood Defendants note that the title of Plaintiff's Opposition is a bit inaccurate. The Opposition is entitled "Plaintiff's Memorandum of Law in Opposition to Defendants' Second Motion to Dismiss Count II of the Complaint." Defendants' motion, however, is to dismiss Court II of Plaintiff's Amended Complaint.

*Zuckerberg*, 522 F.3d 82, 91 (1st Cir.2008) (emphasis added) (citation and internal quotation marks omitted).

*Brait Builders Corporation v. Com. of Mass. DCAM*, 644 F.3d 5, 9 (1st Cir. 2011). An amended complaint is a "dead letter" and ""replace[s] the original complaint lock, stock, and barrel". *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008). In *Dynamic Image Technologies, Inc. v. U.S.*, 221 F.3d 34, 39 (1st Cir. 2000), the Court cited *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992), for the proposition that an amended pleading "supersedes the original [which] ... is treated thereafter as non-existent" (citations and internal quotation marks omitted).

Similarly, the Supreme Court has ruled that "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell International Corp. v. United States*, 549 U.S. 457, 127 S.Ct. 1397, 1409 (2007).

There fairly appears to be some tension between these two lines of cases, since if an original complaint is a "dead letter", then that would appear to moot any pleading or motion filed in response to it, such as the Norwood Defendants' original motion to dismiss in this case.

**2.     The Practicalities**

In any event, as a practical matter the Court will have to decide the issues/defenses raised in the Norwood Defendants' motion at some point, and it certainly makes sense to deal with it early in the litigation rather than later, for both judicial economy and preservation of the parties' resources. There is no prejudice to the Plaintiff as it has already responded to those arguments. There is no difficulty to the Court since it has not ruled on the original motion. This situation does not present the situation of a party creating "unnecessary delays in the early pleading stages of a suit," Plaintiff's Brief at P. 5. Actually it is the reverse - the Norwood Defendants would

naturally like to see as many issues resolved at the motion to dismiss stage as possible.

In fact, early resolution of the issues raised should be encouraged. <u>See</u> Wright & Miller, *5C Fed. Prac. & Proc. Civ*. §1388 (3d ed.). As Judge Wolf ruled in *Alves v. Daly*, No. 12-10935, 2013 WL 1330010, at *6 (D. Mass. 2013):

> Rather than deny the Motion to Dismiss Count IX as impermissibly filed under Federal Rule of Civil Procedure 12(g)(2), the court is exercising its discretion to decide the motion on the merits. See *F.T.C. v. Innovative Marketing, Inc*., 654 F.Supp.2d 378, 383 (D.Md.2009) ("many courts have interpreted [ ] rules [12(g) and 12(h) (2) ] permissively and have accepted subsequent motions on discretionary grounds"). Because defendant Richardi could raise the argument in his Motion to Dismiss Count IX at some future point in the litigation, see Fed.R.Civ.P. 12(h)(2), it is in the interest of judicial economy to decide the motion at this juncture.

**<u>Conclusion</u>**

Wherefore, the Norwood Defendants respectfully request that this Court consider all the arguments advanced in its Motion to Dismiss Plaintiff's Amended Complaint.

Respectfully submitted,

By the Norwood Defendants
By their attorney

/s/ Geoffrey P. Wermuth

Geoffrey P. Wermuth, BBO #559681
Murphy, Hesse, Toomey & Lehane, LLP
300 Crown Colony Dr., 4th Fl.
Quincy, MA 02269
(617) 479-5000
gwermuth@mhtl.com
January 19, 2017

**<u>Certificate of Service</u>**

I hereby certify that this document(s) has been filed through the ECF system and sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

y

naturally like to see as many issues resolved at the motion to dismiss stage as possible.

In fact, early resolution of the issues raised should be encouraged. <u>See</u> Wright & Miller, *5C Fed. Prac. & Proc. Civ*. §1388 (3d ed.). As Judge Wolf ruled in *Alves v. Daly*, No. 12-10935, 2013 WL 1330010, at *6 (D. Mass. 2013):

> Rather than deny the Motion to Dismiss Count IX as impermissibly filed under Federal Rule of Civil Procedure 12(g)(2), the court is exercising its discretion to decide the motion on the merits. See *F.T.C. v. Innovative Marketing, Inc*., 654 F.Supp.2d 378, 383 (D.Md.2009) ("many courts have interpreted [ ] rules [12(g) and 12(h) (2) ] permissively and have accepted subsequent motions on discretionary grounds"). Because defendant Richardi could raise the argument in his Motion to Dismiss Count IX at some future point in the litigation, see Fed.R.Civ.P. 12(h)(2), it is in the interest of judicial economy to decide the motion at this juncture.

**<u>Conclusion</u>**

Wherefore, the Norwood Defendants respectfully request that this Court consider all the arguments advanced in its Motion to Dismiss Plaintiff's Amended Complaint.

Respectfully submitted,

By the Norwood Defendants
By their attorney

/s/ Geoffrey P. Wermuth

Geoffrey P. Wermuth, BBO #559681
Murphy, Hesse, Toomey & Lehane, LLP
300 Crown Colony Dr., 4th Fl.
Quincy, MA 02269
(617) 479-5000
gwermuth@mhtl.com
January 19, 2017

**<u>Certificate of Service</u>**

I hereby certify that this document(s) has been filed through the ECF system and sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

and paper copies will be sent to those indicated as non registered participants on this 18th day of January, 2017.

/s/ Geoffrey P. Wermuth
_____
Geoffrey P. Wermuth