UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-11978-RGS

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA

v.

TOWN OF NORWOOD ET AL.

MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO
DISMISS COUNT TWO OF THE AMENDED COMPLAINT

February 8, 2017

STEARNS, D.J.

Plaintiff National Union Fire Insurance Company of Pittsburgh brought this action against the Town of Norwood and a host of affiliated defendants[1] seeking a declaratory judgment that National Union is not required to provide a defense in an earlier-filed suit before this court.

---

[1] The full roster of Norwood defendants is the Town of Norwood, Norwood Memorial Airport, the Norwood Airport Commission, Francis T. Maguire, Mark P. Ryan, Kevin J. Shaughnessy, Martin E. Odstrchel, Michael Sheehan, Leslie W. LeBlanc, and Thomas J. Wynne (all current or former Commission members or employees of the Airport or Commission). For obvious reasons, this opinion will use "defendants" as a shorthand for the entire cohort. The Complaint also names as a defendant Boston Executive Helicopters, LLC (BEH), the plaintiff in the earlier-filed case, but BEH is not a party to this motion to dismiss.

Defendants have moved to dismiss Count Two of National Union's Amended Complaint for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6).

Defendants held two insurance policies with National Union which together covered the period from July 1, 2014, to July 1, 2016. Am. Compl. ¶ 16. Both policies required defendants to notify National Union of any suit, claim, occurrence, or offense arising under the policies "as soon as practicable." Am. Compl. ¶ 26. National Union asserts that defendants failed in this duty when threatened with a lawsuit by BEH. BEH, which offers flight services from Norwood Memorial Airport, sought to expand its business by obtaining a permit to become a fixed base operator (FBO) at the airport. Am. Compl. ¶¶ 29-30. BEH's pursuit of the permit led to a number of conflicts with defendants, ranging from disputes over the ability of BEH to lease a required ramp required to actions taken by defendants that BEH perceived as favoring FlightLevel, an existing FBO at the airport. Am. Compl. ¶ 32.

In 2014, BEH sought an order in the Superior Court compelling defendants to comply with its public records requests, and in February of that year, BEH sought the intervention of the Federal Aviation Administration (FAA). Am. Compl. ¶ 51. In March of 2015, BEH secured an order in the Superior Court requiring that FlightLevel remove an obstruction it had installed at the airport (supposedly with defendants' approval). *Id.*

Roughly a week later, BEH filed an administrative complaint with the FAA's Office of Chief Counsel. *Id.* On October 7, 2015, BEH filed suit against defendants in the Superior Court, alleging breach of contract, antitrust violations, and violations of both Massachusetts and federal civil rights statutes.[2] Am. Compl. ¶ 33. Defendants removed the lawsuit to the federal district court shortly thereafter. Defendants tendered notice of the suit to National Union on December 1, 2015. Am. Compl. ¶ 2.

National Union argues that the seeds of the 2015 suit had germinated in 2014. Moreover, nearly two months elapsed from the time the suit was filed and defendants' tender of notice and request for a defense. For both these reasons, it asserts that defendants failed to provide notice "as soon as practicable."

The hurdle facing National Union is that any breach of the duty of notice is irrelevant, because in Massachusetts, "an insured's failure to comply with a notice obligation in an insurance policy does not relieve the insurer of its duties under that policy unless the insurer demonstrates that it suffered prejudice as a result of the breach." *Boyle v. Zurich Am. Ins. Co.*, 472 Mass.

---

[2] This court dismissed all but one of BEH's claims (for retaliation for the exercise of First Amendment rights in violation of 42 U.S.C. § 1983) against defendants in July of 2016. *Bos. Exec. Helicopters v. Maguire*, ___ F. Supp. 3d ___, 2016 WL 3676120 (D. Mass. 2016).

649, 651 (2015). An insurer bears the burden of demonstrating prejudice. *Darcy v. Hartford Ins. Co.*, 407 Mass. 481, 485 (1990). And, under Rule 12(b)(6), the insurer must plead sufficient factual matter to make out a plausible entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

National Union's Complaint is wholly lacking on this score. The only mention of prejudice in the Complaint occurs in a single paragraph:

> Upon information and belief, during the approximately year or more that the dispute with BEH was ongoing before notice was provided to National Union, developments occurred and the Norwood Defendants engaged in conduct including, but not limited to, engaging in settlement discussions as reported to the Court in the BEH Action on November 23, 2015. Such developments and conduct caused prejudice to National Union as a result of the Defendants' breach of the Policies' conditions to coverage concerning notice of a claim.

Am. Compl. ¶ 54. The sole "development" alleged as prejudicial is an unsuccessful attempt by defendants to negotiate a settlement with BEH. This raises no plausible claim of prejudice, as BEH would be prohibited from using any information obtained in settlement discussions for any relevant purpose. *See* Fed. R. Evid. 408(a).

The only case National Union cites for the contrary proposition, *Steelcase, Inc. v. American Motorists Insurance Co.*, 907 F.2d 151, 1990 WL 92636 (6th Cir. 1990) (unpublished table decision), is not on point. In

4

*Steelcase*, the insured had not only engaged in settlement discussions, but had actually entered into a settlement agreement with a state agency regarding a leak of paint solvent from an underground storage tank. *Id.* at *1. The insured sought coverage for the cost of the cleanup, and the court concluded that the advanced stage of the cleanup and the insured's ongoing obligations under the agreement meant that the insurer was denied its opportunity to investigate the claim and to "participate in Steelcase's remedial efforts." *Id.* at *2.

Nothing comparable occurred here. No settlement was reached in the BEH action, and National Union does not allege that its ability to investigate the claims or present a defense in the BEH action has been compromised in any way. *See Boyle*, 472 Mass. at 656-657. Nor does defendants' failed settlement effort preclude future efforts to settle the remaining claim with National Union's participation.

## ORDER

For the foregoing reasons, Count Two of National Union's Amended Complaint is <u>DISMISSED</u> with prejudice.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE